# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ROMAN HOLGUIN,<br><br>    Plaintiff,<br><br> v.<br><br>MADERA COUNTY DISTRICT ATTORNEY THACKERY, et al.<br><br>    Defendant. | Case No. 1:19-cv-00177-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND DENIAL OF APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 1, 2)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Felipe Roman Holguin ("Plaintiff") is a state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff's complaint, filed February 8, 2019, is currently before the Court for screening. Also before the Court is Plaintiff's application to proceed in forma pauperis without payment of fees. (Doc. No. 2.) For the reasons explained below, the Court will recommend that the case be dismissed with prejudice and the application to proceed in forma pauperis be denied as moot.

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court also is permitted to screen complaints brought by litigants who seek to

1

proceed in forma pauperis. 28 U.S.C § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation marks omitted). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

**II.     Plaintiff's Allegations**

In this case, Plaintiff is suing Madera County District Attorney Thackery ("DA Thackery") and Madera County District Attorney Peterson ("DA Peterson") for violation of his speedy trial rights under the Sixth Amendment and due process rights under the Fifth Amendment. Plaintiff alleges that he requested a speedy trial in his state court criminal proceeding and, on the day his trial was scheduled to start, DA Thackery dropped the charges pending against Plaintiff and refiled new charges. Plaintiff was not released and was held in the courtroom. Plaintiff alleges that DA Thackery's actions had adverse effects on Plaintiff's case by negatively impacted the memory of one of his defense witnesses who had brain cancer. Plaintiff additionally alleges that DA Thackery chose witnesses for the prosecution who all "worked of[f]" cases, were granted immunity, or lied under oath. Plaintiff likewise alleges that his right to a speedy trial was "denied" by DA Peterson, which again negatively impacted the memory of Plaintiff's defense witness who had brain cancer. Plaintiff additionally contends that DA Peterson allowed witnesses take the stand and lie under oath.

Plaintiff alleges that the actions of DA Thackery and DA Peterson caused Plaintiff to suffer a mental breakdown and enter a plea, which Plaintiff alleges he does not remember doing. (Doc. No. 1 at 3-4.) Plaintiff requests free psychological treatment and $500,000.00 in damages. (Doc. No. 1 at 6.)

## II. Discussion

### A. Prosecutorial Immunity

As noted above, the sole defendants in this action are Madera County District Attorneys. However, prosecutors acting in their official capacities are immune from liability under section 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). "[I]n initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under s 1983." Id.

The allegations at issue against DA Thackery and DA Peterson relate to Plaintiff's criminal prosecution in state court and arise entirely out of acts performed in their official capacities as prosecutors. Thus, Plaintiff's claims are barred by prosecutorial immunity and should be dismissed. As a result, Plaintiff's application to proceed in forma pauperis should likewise be denied as moot.

## III. Conclusion and Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's complaint (Doc. No. 1) be dismissed with prejudice and without leave to amend; and

2. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 1) be denied as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923

F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 7, 2019**     /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE