# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ROMAN HOLGUIN, | Case No. 1:19-cv-00177-AWI-BAM |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. No. 8) |
| MADERA COUNTY DISTRICT ATTORNEY THACKERY, et al. | |
| Defendant. | |

Plaintiff Felipe Roman Holguin ("Plaintiff") is a state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)

On March 7, 2019, the assigned magistrate judge issued findings and recommendations that (1) Plaintiff's complaint be dismissed with prejudice and without leave to amend for failure to state a claim upon which relief may be granted; and (2) Plaintiff's application to proceed *in forma pauperis* be denied as moot. (Doc. No. 3.) On March 25, 2019, Plaintiff timely filed objections to the findings and recommendations. (Doc. Nos. 4, 5.) On March 28, 2019, after a de novo review

1

of the case, the Court adopted the findings in full and dismissed this action. (Doc. No. 6.) Judgment was entered the same date. (Doc. No. 7.)

Currently before the Court is Plaintiff's filing, received April 8, 2019. (Doc. No. 8.) The Court construes the filing as a motion for reconsideration of the order dismissing this action and entry of judgment.

"Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Plaintiff's brief filing states that he would like to supplement his prior objections because denying his speedy trial rights "is an amended violation" and he would also like to add a claim for false imprisonment. (Doc. No. 18.) However, as with Plaintiff's objections to the Magistrate Judge's findings and recommendations, Plaintiff does not address the original ground for dismissing this action, which is that prosecutors acting in their official capacities are immune from

liability under 42 U.S.C. § 1983. Plaintiff has not presented any new grounds that would warrant reconsideration of the Court's final order and judgment dismissing this action.

Accordingly, Plaintiff's motion for reconsideration, (Doc. No. 8), is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: May 2, 2019

SENIOR DISTRICT JUDGE